■ GLOBE CAPITAL CORPORATION et al., Appellants, v. EAST COAST CONSTRUCTION CORP. et al., Respondents, et al., Defendants. (Action No. 1.) GLOBE CAPITAL CORPORATION et al., Appellants, v. EAST COAST CONSTRUCTION CORP. et al., Respondents, et al., Defendants. (Action No. 2.) — In two actions, in each of which plaintiffs seek to foreclose a separate mortgage on the same property, and in each of which the defendants East Coast Construction Corp. and David Mandelbaum interposed a counterclaim to recover damages for alleged overpayments, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County, entered May 5, 1965, as denied their motion to discontinue the actions. Order, insofar as appealed from, reversed, without costs; plaintiffs' motion to discontinue the actions granted; and counterclaims severed. During the pendency of these foreclosure actions, defendants, East Coast Construction Corp. and Mandelbaum, paid plaintiffs' claims in full. The counterclaim in each action is to recover damages for alleged overpayments. Under the circumstances, it is our opinion that the denial of plaintiffs' motion to discontinue the actions was an improvident exercise of discretion. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of the Estate of SARAH PUNCH, Deceased. JACK PUNCH et al., as Executors of SARAH PUNCH, Deceased, et al., Respondents; JACK PUNCH, Individually, Appellant.— In a proceeding to construe the will of Sarah Punch, deceased, the petitioner Jack Punch, individually, appeals from so much of a decree of the Surrogate's Court, Rockland County, entered March 3, 1965 after trial, upon the court's decision, as construed Paragraph "Twenty-fourth" of the will to mean that the residuary estate of the decedent "is to be divided among the [decedent's] three surviving siblings equally". Decree modified on the facts by amending its third decretal paragraph so as to provide that the residuary, including that portion bequeathed to Minnie Kaufman, is to be divided among the issue of the decedent's other three named beneficiaries, per stirpes. As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs, payable out of the estate. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The clear intent of the testatrix was that any lapsed legacy contained in the residuary estate be divided among the surviving beneficiaries of the residue. (See Matter of Dammann, 12 N Y 2d 500; Matter of Urchs, 20 A D 2d 291.) It appears that all four of the named residuary legatees predeceased testatrix; and that all (except Minnie Kaufman) left issue surviving the decedent. Accordingly, modification of the decree is required in order to state correctly the facts as they existed at the time of the testatrix' death. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GASTON ROOSEVELT INMAN, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the County Court, Nassau County, entered February 23, 1965, which denied without a hearing his application to vacate a judgment of that court, rendered September 23, 1959, on his plea of guilty, convicting him of murder in the second degree and sentencing him to a term of 20 years to life. Order affirmed. Defendant's application is based upon the fact that, at the time of his arraignment on the charge of murder in the first degree (and before he pleaded guilty), a plea of not guilty was entered without benefit of counsel. He was in no way prejudiced and, therefore, his rights were not violated thereby (People v. Combs, 19 A D 2d 639). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.